```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
CINDY TORRES,                       :
                                    :
                    Petitioner,     :
                                    :      No. 11 Civ. 8397 (JFK)
     -against-                      :      OPINION & ORDER
                                    :
UNITED STATES OF AMERICA,           :
                                    :
                    Respondent.     :
----------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct. 3, 2012

APPEARANCES

Petitioner Cindy Torres, Pro Se

For Respondent United States of America
    Preet Bharara
    United States Attorney, Southern District of New York
        Of Counsel:  Telemachus P. Kasulis

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is Petitioner Cindy Torres's ("Torres" or "Petitioner") <u>pro se</u> motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 ("Section 2255").  For the following reasons, Petitioner's motion is denied.

## I.   Background

    On February 9, 2010, Torres pleaded guilty to (1) conspiracy to distribute and possess with intent to distribute one kilogram and more of heroin, in violation of 21 U.S.C. §§ 813, 841(a), 841(b)(1)(A), and 846; and (2) conspiracy to launder narcotics proceeds, in violation of 18 U.S.C. § 1956.  As Torres was eligible for relief under 18 U.S.C. § 3553(f), the

120-month mandatory minimum term of imprisonment on the first count did not apply.  In a plea agreement, the Government and Torres stipulated that the appropriate sentencing range under the United States Sentencing Guidelines was 87 to 108 months.  On August 17, 2010, Torres was sentenced to two concurrent terms of eighty-seven months of incarceration to be followed by concurrent terms of supervised release totaling five years.  The Judgment of Conviction was entered on August 18, 2010.

## II.  Timeliness

As the Court noted in its Order of December 1, 2011, this petition may be time-barred.  A federal prisoner seeking relief under Section 2255 must generally file a motion within one year from the latest of four benchmark dates:  (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255(f).  Torres's conviction became final on September 2, 2010, "the day after [her] time to appeal expired." Wims v. United States, 225 F.3d 186, 188 (2d Cir. 2000); Fed. R. App. P. 4(b)(1)(A)(i) (fourteen-day period to file a notice of appeal in

a criminal case). Torres had one year, or until September 2, 2011, to file a timely Section 2255 Motion.

Torres dated her handwritten motion November 13, 2011, but has not told the Court when she gave her motion to prison officials to be mailed to the Court. See Noble v. Kelly, 246 F. 3d 93, 97-98 (2d Cir. 2001) (holding that habeas corpus petitions are deemed "filed" on the date it is given to prison officials for mailing to the district court). For the purposes of this motion, however, the Court will assume it was filed on November 13, 2011. Because the motion was filed more than two months after the statutory deadline, the Court directed Torres to file an Affirmation explaining why the Court should not deny the motion as time-barred. (Order of Dec. 1, 2011). Torres filed her affirmation for timeliness on December 15, 2011.

In certain situations, petitioners are entitled to equitable tolling of the limitations deadline on a Section 2255 motion. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). A petitioner must satisfy two elements to benefit from equitable tolling. First, a petitioner must show that she exercised "reasonable diligence" during the limitations period, and second, that "extraordinary circumstances" precluded her from timely filing. Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001).

Petitioner has asserted two reasons the Court should toll the one-year limitations period: (1) her attorney advised her "not to file a direct appeal because the court would give [her] more time on [her] sentence"; and (2) as a Hispanic American whose native language is Spanish, she was unaware of the limitations period.

As to Petitioner's assertion that counsel advised her not to file a direct appeal because it could subject her to a longer sentence, she has not adduced any evidence to prove this allegation. Even if it were true, however, Petitioner has not satisfied the "diligence" requirement for equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). In her Affirmation for Timeliness, Petitioner does not indicate that she has been pursuing her rights since her conviction. Indeed, she does not state that she undertook any efforts to research her claim. By failing to take steps to advance her case, Petitioner cannot establish grounds for equitable tolling. See Rivas v. Fischer, 687 F.3d 514 (2d Cir. 2012) (finding that petitioner did not establish that he acted diligently during the limitations period); Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) (describing an unexplained one year and eight and a half month "period of inactivity" as demonstrative of "a marked lack of diligence").

Next, Petitioner's suggestion that a language barrier prevented her from learning of the limitations period is also insufficient to warrant tolling.  While a "language deficiency" may give rise to equitable tolling in some circumstances, the Second Circuit has held that "the diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency." Diaz v. Kelly, 515 F.3d 139, 154 (2d Cir. 2008).  Petitioner has not alleged that she made any attempt to learn about the legal requirements of filing a Section 2255 petition, or contact a Spanish-speaking person outside the prison who could assist her. See id. (affirming district court's rejection of equitable tolling where petitioners made "no allegation of any efforts to contact anyone outside the prison who might assist in making them aware, in their language, of legal requirements for filing a habeas corpus petition, nor what efforts were made to learn of such requirements within their places of confinement").  The Court also notes that at the time of her guilty plea, Petitioner informed the Court that she could "read, speak, and understand English." (Tr. of Feb. 9, 2012 at 3).

Therefore, Petitioner's motion is time-barred, and not subject to equitable tolling.

### III. Plea Agreement

Even if this motion were not time-barred, it would still warrant denial under the plea agreement.  Under the terms of the agreement, which Torres signed on February 9, 2010, she agreed that if she received a sentence within the Guidelines range, she would not appeal or collaterally attack it.

"Where the record clearly demonstrates that the defendant's waiver of [her] right to appeal a sentence within an agreed Guidelines range was knowing and voluntary, that waiver is enforceable." United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004).  Therefore, when a defendant who signed a plea agreement makes a motion under Section 2255, the Court must first determine whether she knowingly and voluntarily waived her right bring that collateral attack.

"A waiver of the right to appeal [or collaterally attack a sentence] should only be enforced . . . if the record clearly demonstrates that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary." United States v. Ready, 82 F.3d 551, 557 (2d Cir. 1996).  Here, Petitioner's plea agreement included an express waiver of her right to appeal or collaterally attack her sentence:

> It is agreed that (i) the defendant will not file a direct appeal, nor litigate under Title 28, United States Code,

6

> Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range.

(Pet'r Exh. 1 at 6).  At the plea allocution, the Court asked a series of questions to confirm that Petitioner understood the agreement.  Petitioner told the Court that she understood it and declined to ask any questions about it. (Tr. of Feb. 9, 2012 at 8-10) ("The Court: Did you and [your attorney] go over the plea agreement? / The Defendant: Yes sir. / The Court: Do you feel you understand the plea agreement? / The Defendant: Yes, sir. / The Court: Do you have any questions about it? / The Defendant: No, sir.").

Thus, the Court concludes that Petitioner's waiver of her right to appeal or collaterally attack her sentence was knowing and voluntary and that the plea agreement expressly included such a waiver.  Accordingly, Petitioner's Section 2255 motion attacking her sentence must be dismissed, unless she can make a claim of constitutional infirmity in the plea process, such as ineffective assistance of counsel. See United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001) ("Even if the plain language of the plea agreement barred this appeal, we would not enforce such a waiver of appellate rights in this case because the defendant is challenging the constitutionality of the process by which he waived those rights.").

Petitioner's initial motion for relief under Section 2255 did not raise any claims of constitutional violations during the plea process. In her Reply Memorandum, however, Petitioner claims that the plea agreement violated due process and that her counsel was ineffective during the plea process. Although they are time-barred, the Court will address the merits of these claims below.

### IV. Plea Agreement

Petitioner has claimed that the plea agreement is a "misleading bargain and a travesty of justice." (Pet'r Reply at 4). In making this argument, Petitioner does not allege any specific misconduct by the Government in the execution of her plea agreement. Rather, she argues that plea agreements in general violate due process because they "expose[] petitioner to greater and additional punishment which is unconstitutional." (Id. at 5). This claim is meritless, as the Supreme Court has held that there is nothing unconstitutional about a defendant's knowing and voluntary waiver of rights in a plea agreement. See United States v. Ruiz, 536 U.S. 622, 633 (2002).

The Court further notes that Petitioner demonstrated her understanding of the plea agreement during the plea allocution. Petitioner acknowledged her waiver of a right to trial (Tr. of Feb. 9, 2010 at 6-7), accepted her stipulated Guidelines range (Id. at 12), and informed the Court during her plea that "in

truth and in fact" she is guilty. (Id. at 15-16). Petitioner also told the Court that she understood the plea agreement and did not wish to ask any questions. (Id. at 8).

### V. Ineffective Assistance of Counsel

Petitioner has stated that her counsel was ineffective because (1) he failed to correct her plea, even though it constituted "testimony which he knew was false"; (2) he advised her not to bring a direct appeal; and (3) he did not adequately explain the plea agreement to her.

The record of the plea allocution belies Petitioner's first argument. Upon pleading guilty, Petitioner told the Court that she "knew [drugs were] being sold," and that she sent the proceeds of the dreg sales "[t]o Ecuador . . . twelve times." (Id. at 17). Petitioner has not provided any reason for the Court to discredit the statements she made at her plea, thus her first claim of ineffective assistance of counsel is meritless. See United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001); see also United States v. Torres, 129 F.3d 710, 715–16 (2d Cir. 1997) (holding that statements made at a plea allocution carry a "strong presumption of veracity").

Next, Petitioner's unsupported claim that her attorney told her not to file a direct appeal is also meritless. Even if the Court accepted this allegation, Petitioner cannot demonstrate that "there is a reasonable probability that, but for counsel's

9

unprofessional errors, the result of the proceeding would have been different," as required under Strickland v. Washington, 466 U.S. 668, 693-94 (1984). There is nothing in Petitioner's plea allocution to suggest that she acknowledged her guilt only because she was unaware of her limited right to appeal. Indeed, the Court addressed the issue of a direct appeal with the Petitioner during her allocution. (Tr. of Feb. 9, 2010 at 14-15).

Finally, Petitioner claims that the Court should conclude that her attorney "did not explain clearly the plea agreement because no reasonable person . . . would have signed such an agreement." (Pet'r Reply at 12). As discussed above, Petitioner has not demonstrated that the plea agreement was unfair. Therefore, Petitioner's claim does not support an inference of ineffective assistance of counsel.

## VI. Conclusion

For the foregoing reasons, Petitioner's motion to vacate, set aside or correct her sentence pursuant to Section 2255 is denied.

The court certifies, pursuant to 28 U.S.C. § 1951(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Furthermore, as the Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

**SO ORDERED.**

Dated:   New York, New York
         October 3, 2012

_____
John F. Keenan
United States District Judge

11